UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEFENSHIELD, INC.,

        Plaintiff,

v.

FIRST CHOICE ARMOR & EQUIP., INC.;
and D-BACK ACQUISITION CO.,

        Defendants.
_____

5:10-CV-1140
(GTS/DEP)

APPEARANCES:

BOND, SCHOENECK & KING, PLLC
 Counsel for Plaintiff
One Lincoln Center
Syracuse, New York 13202

GREENBERG & TRAURIG, LLP
 Counsel for Defendants
200 Park Avenue, P.O. Box 677
Florham Park, New Jersey 07932

OF COUNSEL:

GEORGE McGUIRE, ESQ.
DAVID NOCILLY, ESQ.
CLIFFORD TSAN, ESQ.

BARRY SCHINDLER, ESQ.
STEPHEN M. BUHR, ESQ.
WILLIAM STROEVER, ESQ.

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

  Currently before the Court, in this patent infringement action filed by Defenshield, Inc. ("Plaintiff") against the two above-named companies ("Defendants"), are the following: (1) the parties' Opening and Responsive *Markman* Briefs; (2) United States Magistrate Judge David E. Peebles' Report-Recommendation regarding the parties' proposed constructions of the sole disputed claim term; (3) Defendants' Objection to the Report-Recommendation; and (4) Plaintiff's response to Defendants' Objection. (Dkt. Nos. 36-41, 43.) For the following reasons, the Report-Recommendation is accepted and adopted in its entirety: Defendants'

structural argument is rejected, and the disputed claim term is construed more closely in alignment with Plaintiff's proposed construction than Defendants' proposed construction.

I.  RELEVANT BACKGROUND

   A.  Relevant Procedural History

Generally, Plaintiff's Second Amended Complaint (the operative pleading in this action) claims that Defendants infringed on United States Patent No. 7,849,781 (the "'781 Patent") regarding its Mobile Defensive Fighting Position ("MDFP")–essentially a moveable bullet-resistant barrier–by "making, selling, offer to sell, using and/or importing a . . . barrier referred to as the 'Rolling Bunker' . . . for use by various governmental and private entities." (Dkt. No. 33 at ¶¶ 6-17 [Plf.'s Second Am. Compl.])

On December 3, 2012, the parties filed Opening *Markman* Briefs in support of their proposed constructions of the sole disputed claim term found in the '781 Patent–the term "channel." (Dkt. Nos. 36, 37.) Generally, in those briefs, Plaintiff construed the term "channel" as meaning "an open passageway," while Defendants construed the term "channel" as meaning a "structure having a bottom and two raised side edges in cross section." (*Id*.)

Subsequently, this matter was referred to Magistrate Judge Peebles for a Claim Construction Hearing and Report-Recommendation. (*See* Text Minute Entry dated Feb. 22, 2013.) On January 2 and 3, 2013, the parties filed their Responsive *Markman* Briefs. (Dkt. Nos. 38, 39.) On February 22, 2013, Magistrate Judge Peebles conducted the Claim Construction Hearing. (*See* Text Minute Entry dated Feb. 22, 2013; Dkt. No. 42 [Hr'g Tr.].) On March 8, 2013, he issued his Report-Recommendation. (Dkt. No. 40.)

Familiarity with a more-detailed recitation of the action's relevant procedural history is assumed in this Decision and Order, which is intended primarily for the review of the parties.

B.      **Magistrate Judge Peebles' Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Peebles recommended that the term "channel" in the '781 Patent be construed as meaning "an open passageway or groove that is formed by a structure that defines the boundaries of the passageway or groove." (Dkt. No. 40, at 19.) In rendering this recommendation, Magistrate Judge Peebles found as follows, in pertinent part: (1) although the term "channel" appears to be one that a jury is capable of ordinarily understanding and applying, the Court is nonetheless obligated to construe the term because the parties have presented a genuine dispute over its meaning; (2) based on a review of the patent prosecution history, the patentee clearly did not intend that the term "channel" refer to or include any portion of a structure, but instead intended that the term refer to the space, or groove, created by the structure; and (3) because neither of the parties' proposed definitions precisely articulates the meaning of the term "channel" as it is used in the '781 Patent, it is necessary to propose a new definition of that term (i.e., the definition articulated at the beginning of this paragraph). (*Id*. at Part II.) Familiarity with the particular grounds of the Report-Recommendation is assumed in this Decision and Order, which (again) is intended primarily for the review of the parties.

C.      **Defendants' Objection to the Report-Recommendation**

Generally, in their Objection to the Report-Recommendation, Defendants argue that Magistrate Judge Peebles' Report-Recommendation is improper because the he has *sua sponte* attempted to correct what he perceives to be an error in the patent without satisfying two conditions, in violation of the Federal Circuit's decision in *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1354 (Fed. Cir. 2003). (Dkt. No. 41.)[1] More specifically, Defendants

---

    1       Pursuant to the Federal Circuit's decision in *Novo Industries,* where a Court believes there is an error in a patent and no certificate of correction has been issued, the Court

3

argue as follows: (1) Magistrate Judge Peebles' attempt to correct the '781 Patent by distinguishing between two interchangeable terms–"channel" and "channel member"–fails under the first prong of the *Novo Industries* test, because the correction is subject to reasonable debate (based on consideration of the claim language and the specification); and (2) Magistrate Judge Peebles' attempt to correct the '781 Patent by distinguishing between two those terms also fails under the second prong of the *Novo Industries* test, because the prosecution history of the '781 Patent suggests a different interpretation of the claims–specifically, that the terms "channel" and "channel member" refer to the same structure. (*Id.*)

### D. Plaintiff's Response to Defendants' Objection

Generally, in its response to Defendants' Objection, Plaintiff asserts the following three alternative arguments: (1) as an initial matter, Defendants cannot assign an error based on an argument regarding the relationship between the term "channel" and the term "channel member," because they waived that argument by (a) failing to make it in their briefs, and (b) failing to make it during the hearing (despite the fact that Magistrate Judge Peebles *sua sponte* raised the issue at the hearing and permitted Defendants to be heard on it; (2) even if Defendants have not waived the argument asserted in their Objection, the argument is without legal basis, because *Novo Industries* has nothing to do with how a district court should interpret a specification, nor whether a single instance of awkward working in a specification can completely change the meaning of the term used in the claims, but merely sets forth the standard pursuant to which a district court can correct a *clerical* error in a claim when construing the claim language (which are not the facts of this case); and (3) even if the standard set forth in *Novo Industries* does

---

can correct that error only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification, and (2) the prosecution history does not suggest a different interpretation of the claims. *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1354 (Fed. Cir. 2003).

govern Magistrate Judge Peebles' interpretation of the claim in this case, that standard would be satisfied, because Magistrate Judge Peebles thoroughly and expressly considered all portions of the '781 Patent, including the claim language, the specification, and the prosecution history (and, in any event, the sole allegedly "imprecise" phrase in question, when read in context, actually does contain a specific reference to "member"). (Dkt. No. 43.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be *"specific," the objection* must, *with particularity*, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v.*

5

been, but was not, presented to the magistrate judge in the first instance.[4]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[5] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[6] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

*Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[4] *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted).

[5] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[6] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[7]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.      **Standard of Review Governing Patent Claim Construction**

In his Report-Recommendation, Magistrate Peebles correctly recited the legal standard governing patent claim construction. (Dkt. No. 40, at Part II.A.) As a result, th standard is incorporated by reference in this Decision and Order.

III.    **ANALYSIS**

Based on the standard of review articulated above in Part II.A. of this Decision and Order, the only portion of the Report-Recommendation that is subject to a *de novo* review is Magistrate Judge Peebles' finding that the term "channel" is different from the term "channel member." (*Compare* Dkt. No. 40 *with* Dkt. No. 41.) After carefully reviewing the relevant filings in this action, the Court can find no error in that portion of the Report-Recommendation, nor any clear error in the remaining portions of the Report-Recommendation. Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the

---

07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[7]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

law to those facts. (Dkt. No. 40.) As a result, Magistrate Judge Peebles'
Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein–as well as each of the three alternative reasons stated in Plaintiff's response to Defendants' Objection. (Dkt. Nos. 40, 43.)

The Court would add only the following analysis regarding the first point made by Plaintiff in its response to Defendants' Objection. The issue of the relationship between the term "channel" and the term "channel member was first introduced at the Claim Construction Hearing when Plaintiff responded "Yes" to Magistrate Judge Peebles' question, "So you distinguish between channel and channel member?" (Dkt. No. 43, at 7.) Furthermore, Defendants had the opportunity to assert their improper-correction argument under *Novo* when they addressed the issue. (*See, e.g.*, Dkt. No. 42, at 21 [attaching Hr'g Tr., where defense counsel argued, "actually, the patent does not distinguish between channel member and channel"].) However, Defendants neglected to do so.

As explained above in Part II.A. of this Decision and Order, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See, supra,* note 4 of this Decision and Order. After carefully considering the matter, the Court exercises its discretion to not consider the argument here: Defendants have not offered a persuasive reason for their previous failure to assert the argument before Magistrate Judge Peebles; this is not a case in which an intervening case or statute has changed the legal complexion of the matter before the Court; no manifest injustice will result if the new argument is not considered, because Magistrate Judge Peebles undertook a thorough analysis of the issues; the new argument is one regarding which the Court would have preferred Magistrate Judge Peebles to render factual findings if it had been made; and efficiency

and fairness militate against consideration of the new argument. *See Amadasu v. Ngati*, 05-CV-2585, 2012 WL 3930386, at *5-6 (E.D.N.Y. Sept. 9, 2012 (considering factors articulated by *Wells Fargo Bank N.A. v. Sinnot*, 07-CV-0169, 2010 WL 297830, at *2 [D. Vt. Jan.19, 2010]).

Indeed, permitting Defendants (during their Objection) to assert a new argument that could have been but was not presented to Magistrate Judge Peebles would be an inefficient use of judicial resources, and indeed would frustrate the purpose of the Magistrates Act.[8]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 40) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the term "channel" in the '781 Patent is construed to mean "an open passageway or groove that is formed by a structure that defines the boundaries of the passageway or groove."

Dated: September 20, 2013
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[8] *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir.1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *Cupit v. Whitley,* 28 F.3d 532, 535 & n. 5 (5th Cir.1994) (holding that a party waived an argument by failing to raise it before the magistrate judge); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir.1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.").

9